The opinion of the Court was delivered by
Dunkin, 0. J.
We are not satisfied that under the circumstances of this case, the bidder at the sale of 6th March, 1860, whoever he might have been, should be charged with the difference between that bid and the amount for which the land may be sold under the order of 1st January, 1868. But, from the view taken by the Court, it is not necessary to consider that matter. The decretal order, which is the subject of appeal, in effect charges the payment of that difference upon the interest of Mrs. DeHay, in the estate of her deceased husband, Wm. I. Dennis. Under the provisions of his will, and in the events which have occurred, she is entitled to a life-estate in one-third of his property, to her sole and separate use, with remainder to his children. Prior to the sale, 6th March, 1860, she had become the wife of the plaintiff, Robert H. DeHay. By law, her bid on that occasion was obligatory neither on her husband nor herself, nor had she specific authority to bind her separate estate, nor did she profess to exercise any such authority.
But it is urged that the parties are precluded by the previous proceedings. It is manifest, however, that the question has never been subjected to the consideration and judgment of the Court. All the orders in relation to the sale of the plantation were of an administrative character, and have never yet been carried into effect. In the report of Mr. Gray, 7th August, 1860, he refers to the liability of Mrs. DeHay as hypothetical. And Chancellor Carroll, in *30 his decree on the exceptions, October, 1861, uses this language : “ The contract of purchase,” (referring to the bid of Mrs. DeHay, of March, I860,) “ if obligatory at all, binds only Mrs. DeHay or her husband.” No subsequent proceedings were had from that time until the report and decree of February, 1867, which are now submitted to the consideration of the Court. For the reasons which have been stated, the bid of Mrs. DeHay was obligatory neither upon her husband nor herself individually, nor could it charge her separate estate. It is, therefore, ordered and decreed that so much of the decretal order of January, 1868, as charges the plaintiff) Mrs. DeHay, with the difference in the sales, be rescinded.
Wardlaw and Inglis, A. JJ., concurred.

Appeal sustained.